**People of the State of Illinois, Appellee, v. James Staes, Appellant**

**Gen. No. 52,038.**

First District, Third Division.

February 15, 1968.

Ventrella & Witous, of Oak Lawn, for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Oliver D. Ferguson, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

Defendant was indicted on October 11, 1965, for the offense of gambling, in that he knowingly owned and possessed books, instruments and apparatus by means of which bets and wagers are made, recorded and registered, in violation of chapter 38, section 28–1(a–5) of the

Illinois statutes (Ill Rev Stats 1965, c 38, § 28–1(a–5)). He was thereafter found guilty and sentenced to two years probation and fined $500. $260 was confiscated from the defendant by order of court.

Before the trial, which was heard by the court without a jury, the defendant filed a motion to suppress evidence on the grounds that the search warrant was legally insufficient. After hearing the trial court denied the motion to suppress evidence and proceeded to trial.

The defendant on appeal contends that the search warrant was invalid and that under it the police were not justified in arresting and searching him.

Section 6 of Article II of the Illinois Constitution provides as follows:

"The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated: and no warrant shall issue without probable cause, supported by affidavit, particularly describing the place to be searched, and the persons or things to be seized."

Chapter 38, section 108–7 (Ill Rev Stats 1965, c 38, § 108–7) reads as follows:

"Sec 108–7. Command of Search Warrant.) The warrant shall command the person directed to execute the same to search the place or person particularly described in the warrant and to seize the instruments, articles or things particularly described in the warrant."

The material portion of the search warrant in this case read as follows:

"SEARCH WARRANT

"ON THIS DAY Donald T. Shaw, COMPLAINANT, HAS SUBSCRIBED and sworn to a complaint

for search warrant before me. Upon examination of the complaint I find that it states facts sufficient to show probable cause and I therefore command that (the person of John Doe and) 1958 Pontiac parked to rear of 13023 S. Western, Blue Island, Illinois, be searched and the following instrument, articles and things which have been used in the commission of, or which constitute evidence of, the offense of Gambling be seized therefrom: All gaming instruments, implements and apparatus kept and provided for to be used in unlawful gambling.

"I further command that a return of anything so seized shall be made without unnecessary delay before me or before Judge . . . . . or before any court of competent jurisdiction.

Anton A. Smigiel,
Judge"

The complaint for search warrant described the person to be searched as follows:

". . . the person observed carrying the betslips to the vehicle is described as a white male middle 40's having a hair lip (sic) and wearing a gold signet ring bearing the name Jim, on ring finger of left hand."

It was brought out at the hearing that on the afternoon of October 11, 1965, officers of the Cook County Sheriff's Police conducted a gambling raid at the Forest Lounge, located at 13023 South Western Avenue, Blue Island, Illinois. Officer Donald Shaw, who had previously on the same date subscribed and sworn to a Complaint for Search Warrant, had in his possession, both the search warrant and the complaint upon which it was issued. At the direction of Officer Shaw, Officer Richard Lundgren apprehended the defendant, James Staes, as he was about to leave the tavern. Officer Shaw then served the warrant on the defendant. The search of defendant's

person produced approximately $1,740 in cash and horse bet slips. It is not contended by the State that defendant on that occasion had been observed committing any offense or attempting to commit an offense.

The issue to be determined is whether in the warrant the person to be searched has been particularly described as required by both section 6 of Article II of the Illinois Constitution and the Illinois statute heretofore mentioned.

The defendant has called our attention to the case of West v. Cabell, 153 US 78, wherein one Vandy M. West filed a civil suit against United States Marshal William L. Cabell. A deputy of Cabell signed a complaint against one James West for the crime of murder. Vandy M. West was arrested on the warrant naming James West as the defendant. The case was dismissed when it was ascertained that Vandy M. West was not the person involved. The court on page 86 of that case, in discussing an arrest warrant, said, the following:

> "The principle of the common law, by which warrants of arrest, in cases criminal or civil, must specifically name or describe the person to be arrested, has been affirmed in the American Constitutions; and by the great weight of authority in this country a warrant that does not do so will not justify the officer making the arrest."

That court cited Commonwealth v. Crotty, 10 Allen 403, in which Crotty and others were indicted and convicted for a riot in resisting the arrest of Crotty upon a warrant commanding the arrest of "John Doe or Richard Roe, whose other or true name is to your complainant unknown." The Supreme Judicial Court of Massachusetts set aside the conviction upon the grounds that the warrant was insufficient, illegal, and void, because it did not contain Crotty's name, nor any description or designation by which he could be known and identified as the person

159

against whom it was issued, and was in effect a general warrant, upon which any other person might as well have been arrested.

In People v. Martens, 338 Ill 170, 171, 170 NE 275, the court said the following regarding the specificity required in a search warrant:

> "It is not a debatable question in this State that a search warrant must contain a description of the premises to be searched so specific and accurate as to avoid any unreasonable or unauthorized invasion of the right of security, and that it must identify the premises to be searched, in such manner as to leave the officer in no doubt, and no discretion must be left him, as to the premises to be searched, and that any evidence obtained under an unreasonable and unlawful search and seizure is not competent."

There can be little doubt that a search warrant for a person must describe the person to be searched as specifically and accurately as that required for the search of a place.

In People v. Smith, 20 Ill2d 345, 169 NE2d 777, the court said on page 349:

> "A search warrant must contain a description of the premises to be searched so specifically and accurately as to avoid any unnecessary or unauthorized invasion of the right of security. It should identify the premises in such manner as to leave the officer no doubt and no discretion as to the premises to be searched. (People v. Martens, 338 Ill 170; People v. Bishop, 225 Ill App 610.)"

The foregoing quotation would apply with equal force to the person to be searched as it does to the premises to be searched.

The State takes the position that the complaint for the search warrant contained a sufficiently particular de-

160

scription of the defendant and that the complaint was incorporated by reference into the warrant. The State further contends that since the complaint was in the possession of the officer serving the warrant at the time of service, there was full compliance with both constitutional and statutory requirements. The State cites People v. Cain, 35 Ill2d 184, 220 NE2d 195, in support of its argument; however, we cannot see relevance to this case because in the Cain case the person to be searched was described with particularity in the warrant itself.

The State also contends that the description in the complaint is incorporated in the warrant and cites cases of other states which hold, in effect, that where the affidavit is attached to the warrant and the description in the affidavit is incorporated in the warrant by proper reference, the description is a part of the search warrant.

The State cites O'Brien v. State, 158 Tenn 400, 14 SW2d 51, a Supreme Court of Tennessee case, in support of the proposition that where the affidavit is attached to the warrant and the description of the affidavit is incorporated in the warrant by proper reference, the warrant is sufficient. The court in that case said:

> "While the description in a detached affidavit cannot, without proper reference, be used to aid an insufficient description in the warrant (Cornelius, Search & Seizure, p 331), a different rule prevails where the affidavit is attached to the warrant and the description of the affidavit is incorporated in the warrant by proper reference."

The facts of this case do not disclose that the complaint for search warrant was in any way attached to the warrant, nor that the complaint was incorporated in the warrant by proper reference.

The State also refers to the case of Minton v. State, 186 Tenn 541, 212 SW2d 373, another Tennessee case. On page 374 the court said:

161

"The affidavit is not a part of the warrant. Hampton v. State, 148 Tenn 155, 252 SW 1007. Constitutional rights are involved and the requirements of the statute should in every material detail be held mandatory. The warrant under consideration did not expressly adopt the description in the affidavit."

In the case before us the warrant did not expressly adopt the description in the complaint for search warrant.

The State cites also the case of Hackerman v. State, 189 Tenn 130, 223 SW2d 194, wherein the search warrant set forth "that Marcus Hackerman unlawfully has in his possession certain slot machine(s) or gaming device(s) employed and used for gaming, contrary to the laws of Tennessee, concealed in the premises described in said affidavit and also hereafter described in said warrant, which said affidavit is based upon information which Affiant has received from a reputable and reliable person whose name and identity has been disclosed to the undersigned Judge, *and which information is set forth in said affidavit.*" The Tennessee court in that case considered the words italicized in the warrant to be a sufficient incorporation by reference of the description. In the instant case the warrant names the person to be searched as John Doe. John Doe was not the name of the defendant. The warrant does not describe the person to be searched with particularity or otherwise. This is the type of warrant, the use of which is enjoined by our constitution and statute for the protection of the people of Illinois. The officer serving the warrant can be given no latitude under the law. If such a warrant were held to be valid the officer would be justified in searching anyone. Even if the rule in Illinois could be stretched as far as the courts of Tennessee, namely, that a description set forth in the complaint for search warrant could be incorporated into the search warrant by proper reference, it could give no comfort to the State because the warrant in

this case did not incorporate the description of the defendant by express reference to the complaint or otherwise. Furthermore, adverting to People v. Smith, supra, the court stated in that case that the premises should be identified in such a manner as to leave the officer no doubt or discretion as to the premises to be searched. The search warrant in this case amounted to a general warrant giving the officer latitude or a discretion as to the person to be searched by merely containing the description of the person as John Doe.

█ The search warrant in this case violated both the Constitution of the State of Illinois and the Illinois statute heretofore cited.

This case is reversed and remanded to the trial court with instructions to sustain the motion to suppress the evidence.

Reversed, and remanded with directions.

DEMPSEY, P. J. and SCHWARTZ, J., concur.