City of Chicago, a Municipal Corporation, Plaintiff-Appellee, v. Richard Dowdell, Defendant-Appellant.

Gen. No. 54,021.

First District, First Division.

May 25, 1970.

Irwin L. Frazin and Howard T. Savage, of Chicago, for appellant.

Raymond F. Simon, Corporation Counsel of City of Chicago (Marvin E. Aspen and Gayle F. Haglund, Assistant Corporation Counsel, of counsel), for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

In a bench trial defendant Dowdell was found guilty of the offense of failing to register his possession of a firearm in violation of chapter 11.1, section 7, of the Municipal Code of the City of Chicago. He was fined $500. On appeal he contends that (1) the complaint failed to state a violation of the ordinance involved, and (2) the evidence was insufficient to establish the elements of the offense charged.

The complaint was filed in the Circuit Court of Cook County on November 2, 1968. It charged defendant with violation of chapter 11.1, section 7, of the Municipal Code of Chicago, which provides:

> "Every person after purchasing or otherwise acquiring a firearm from any person other than a licensed firearms dealer shall, within 10 days of the purchase or other acquisition, provide the City Collector with the information stipulated in Section 11.1–8 of this Chapter on a registration form designed or approved by the City Collector. If the purchase or other acquisition of the firearms precedes the effective date of this ordinance, the person shall register the pos-

session of a firearm with the City Collector on forms designed or approved by the City Collector within 30 days after the effective date of this ordinance."

The complaint alleged:

"Granville Hawkins complainant, now appears before the Circuit Court of Cook County and states that Richard Dowdell has, on or about 2 November, 1968 at 217 E. 47th St., Chgo., Ill. committed the offense of Failure to Register Firearms in that he failed to register his possession of a firearm to wit: 1–.32 cal. NP Arminius Revolver Ser. #65685 and one .32 Cal. Smith and Wesson Blue Steel Revolver, Serial #63319, within 30 days of April 15, 1968 in violation of Chapter 11.1 Section 7 of the Municipal Code of the City of Chicago."

At the hearing of defendant's motion to suppress, which was denied, and at the trial, Chicago Police Officer Brown testified that on November 2, 1968, he and his partner were walking on 47th Street in Chicago when they saw a man come out of a store and change clothes in the back seat of an automobile. As the police officers walked past the car in which three men were seated, defendant Dowdell was sitting behind the driver's wheel. The glove compartment was open, and they could see two pistols there. They identified themselves as police officers and asked the men to step out of the car. A license plate check was run on the car, and it disclosed that it was registered to defendant. The three men were then arrested. It was stipulated that the two weapons might be admitted into evidence.

At the conclusion of Brown's testimony, the trial court denied defendant's motion for a directed verdict and held that a prima facie case had been established "that the weapon has been in the possession of the person charged for more than ten days."

Defendant then testified that on November 2, 1968, he was sitting behind the wheel of an automobile with two other men, when Officer Hawkins ordered him out of the car and recovered two pistols from the closed glove compartment. He had purchased the two guns on October 31, 1968, in a tavern and paid $20 apiece for them. He thought the seller's name was James Dobbs. He did not ask if the weapons were registered, nor did he register them himself. He was the owner of the vehicle and had put the two pistols in the glove compartment when he bought them.

In finding defendant guilty, the court remarked that in a bench trial the court is the determiner of the credibility of the witnesses, that the weapons belonged to defendant Dowdell, and that the court did not believe that he had just purchased them.

Initially, defendant contends that "the complaint fails to state an offense against the ordinance of the City of Chicago described therein as having been violated, or against any ordinance of the City of Chicago, and the judgment based upon that complaint must fall." In substance, defendant asserts that there was no allegation in the complaint that defendant purchased or acquired the firearm in question prior to April 15, 1968, nor is there an allegation that if it was purchased after that date that ten days had elapsed without him registering it. From this, defendant argues that "the trial court was, therefore, without any jurisdiction to enter the judgment against the Defendant and this absence of jurisdiction could not be waived by the Defendant, nor could jurisdiction in any way be conferred upon the trial court by any action, or inaction, on his part."

Defendant's authorities on this point include People v. Minto, 318 Ill 293, 149 NE 241 (1925), where the court said (p 295):

"An indictment or information charging a crime is a necessary preliminary to a conviction by the court

61

for that crime. No waiver or consent by defendant to a criminal prosecution can confer jurisdiction or authorize his conviction in the absence of an accusation charging him with a violation of the criminal law."

Also, "jurisdiction is ordinarily acquired by an indictment, information, or complaint, and where the accusation is invalid the court is without jurisdiction." 14A ILP 70, § 95.

██ Since prosecutions for ordinance violations are not strictly or exclusively civil or criminal, but have been designated as quasi-criminal, civil procedure rules govern. A quasi-criminal complaint need not be drawn with the precision of an indictment or information, and it is adequate if it informs the defendant sufficiently to enable him to prepare his defense. If the circumstances are such as to make a more detailed statement necessary or desirable, a motion to that end should be made. City of Chicago v. Lewis, 28 Ill App2d 189, 193, 171 NE2d 70 (1960); City of Chicago v. Berg, 48 Ill App2d 251, 254, 199 NE2d 49 (1964).

█ An examination of the instant complaint in the light of the foregoing shows that it is in writing; that it cites the City ordinance alleged to have been violated; that it sets forth the nature and elements of the offense charged; that it states the date of the violation as definitely as can be done; and that it sets forth the name of the accused. In sum, we find no merit in this contention and hold that the instant complaint adequately informed the accused of the nature and cause of the accusation, and it was sufficient to enable him to prepare his defense. See People v. Tammen, 40 Ill2d 76, 78, 237 NE2d 517 (1968).

Considered next is defendant's contention that the evidence here was insufficient to establish the offense charged. Defendant points out that the City failed to

prove that he either purchased or acquired the firearms prior to April 15, 1968, or that if he purchased or acquired the firearms after that date, ten days had elapsed without him registering them. He further notes that the only evidence was that defendant acquired the firearms on October 31, 1968, and was possessed of them on November 2, 1968. Defendant asserts that there was "nothing in evidence from which an inference can be drawn that he purchased or acquired them prior to that date. . . . To convict a person of a violation of a city ordinance without evidence violates the due process clause of the Fourteenth Amendment to the United States Constitution. Thompson v. City of Louisville, 362 US 199, 4 L Ed 2d 654, 80 S Ct 624 (1960).

> " 'Just as "Conviction upon a charge not made would be sheer denial of due process," so it is a violation of due process to convict and punish a man without evidence of his guilt.' "

Defendant further notes that neither human experience nor common sense allows the inference that one who possessed a firearm on November 2, 1968, purchased or acquired that weapon prior to April 15, 1968, or even ten days prior to November 2, 1968. He asserts that such a presumption would be unconstitutional. On this point defendant cites Leary v. United States, 395 US 6 (1969), where the court stated (p 36):

> "The upshot of Tot, Gainey, and Romano is, we think, that a criminal statutory presumption must be regarded as 'irrational' or 'arbitrary,' and hence unconstitutional, unless it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend."

The City contends that once it showed the firearms to be unregistered, a prima facie case was established, and

63

the burden of going forward with the evidence fell on defendant to show that he came within the 10-day grace period in the ordinance, but that defendant failed in this regard. It notes that the substantive thrust of this entire chapter of the Municipal Code is that all firearms, regardless of how they are acquired, must be registered, and that the 10-day exception is a mere grace period allowed. It further notes that courts have frequently, in interpreting statutes, required that the burden of going forward with the evidence shifts once a violation of the principal part of the statute is shown. Among the authorities cited are Fong Yue Ting v. United States, 149 US 698 (1893); United States v. Tehan, 365 F2d 191 (6th Cir 1966), and Morrison v. California, 291 US 82 (1934).

In Fong Yue Ting v. United States, an Act of Congress provided that any Chinese laborer found within the United States without a required certificate of residence after one year would be adjudged to be in the country unlawfully. The court held that the lack of a certificate was prima facie evidence.

In United States v. Tehan, the Circuit Court of Appeals upheld the constitutionality of the provision in the Ohio Code which shifted the burden upon the defendant to show that the securities he sold were sold under such circumstances as to bring the sale within the exceptions to the law.

In Morrison v. California, the court stated (pp 90–91):

"For a transfer of the burden . . . there must be in any event a manifest disparity in convenience of proof and opportunity for knowledge, as, for instance, where a general prohibition is applicable to every one who is unable to bring himself within the range of an exception."

■ ■ After examining the foregoing, we conclude the purpose of the ordinance is to require registration of all firearms, and that in the instant case the evidence offered on behalf of the City was sufficient to show the firearms were unregistered. A prima facie case of violation of the municipal ordinance was then established, and the burden of going forward with the evidence was shifted to the defendant to show that he came within the 10-day grace period provided for by the ordinance. As the trial court did not believe defendant as to when he purchased the firearms, we find that the evidence submitted on behalf of the City was sufficient to find defendant guilty of the ordinance violation as charged.

For the reasons given, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

BURMAN, P. J. and ADESKO, J., concur.