THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARGARET SUSAN McKNIGHT, Defendant-Appellant.

First District (3rd Division) No. 77-195

Opinion filed December 21, 1977.

William H. Kampenga, of Oak Lawn, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, James S. Veldman, and Mark E. Rakoczy, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE SIMON delivered the opinion of the court:

Following a bench trial, defendant Margaret Susan McKnight was convicted of violating the Credit Card Act because she obtained a credit card without the cardholder's consent with the intent to use the card. (Ill. Rev. Stat. 1975, ch. 121½, par. 604.) Also convicted was a co-defendant, George Gilkey, who is not a party to this appeal. The defendant was sentenced to 6 months incarceration, and contends first that because she was arrested without probable cause the stolen credit card should have been suppressed, and second, that the trial court considered improper factors in sentencing her.

Frank Sanfelippo, a store security guard, testified that on August 6, 1976, while descending an escalator in the store, he observed the defendant purchasing a watch with a credit card. During this transaction, Gilkey and Larry Lee Johnson were standing about 10 feet from the defendant and the sales clerk. After Gilkey reached into a display case, took two watches, and placed them in a bag, the security guard confronted Gilkey, who claimed he had receipts for the watches. Gilkey and Johnson then fled from the store. Sanfelippo pursued them, spotted a police car and informed the officers of the situation. Gilkey and Johnson then were arrested.

The defendant was apprehended by police as she stood near a car in the shopping center parking lot. Inside the car were both the case containing the watch the defendant had purchased, and a receipt for the watch, signed in the name of Holly B. Wurmnest. These items were admitted into evidence without objection. Evidence that the defendant signed the receipt when she made the credit-card purchase of the watch also was admitted.

Sanfelippo testified that he did not see the defendant leave the store because he was chasing Gilkey and Johnson. He further stated that after the defendant was placed in custody, she was taken to the police station. Sanfelippo also testified that she voluntarily turned over the contents of her purse, including the credit card which had been used to buy the watch, to the police.

Holly Beth Wurmnest testified that she had a charge account at the store in question, and that her credit card had been stolen before the date of the

crime. She identified as her credit card the one Sanfelippo claimed was taken from the defendant.

The defendant testified that after she entered the store with Gilkey and Johnson, she saw Johnson take several watches and put them in a bag. When the security guard approached them, Gilkey refused to take the bag. Then, after Sanfelippo, Johnson and Gilkey left the store, she went to the parking lot. The defendant admitted the police recovered a wallet and credit card from a car near which she was standing in the parking lot, but she denied having a stolen watch when she was arrested. She further said that she had obtained a credit card from Johnson, who did not tell her it was stolen, and she admitted that she had made purchases with that card.

The trial court found that the credit card was taken from her purse by the police while the police had custody of it following the arrest, and the defendant contends that because there was no probable cause for her arrest, the subsequent seizure of the credit card and its introduction as evidence was improper. *Wong Sun v. United States* (1963), 371 U.S. 471, 9 L. Ed. 441, 83 S. Ct. 407.

■■ To establish probable cause to arrest an accused, it is necessary to show circumstances which would cause a reasonable man to believe an offense was committed, and that the accused committed that offense. (*People v. Robinson* (1976), 62 Ill. 2d 273, 276, 342 N.E.2d 356.) Here, probable cause for the defendant's arrest was not established. Although the defendant was 10 feet away from Gilkey and Johnson when Johnson stole two watches, her presence in the vicinity was not sufficient to establish that she participated in that offense. (*People v. Boyd* (1959), 17 Ill. 2d 321, 327, 161 N.E.2d 311.) Nothing in the record demonstrates that she acted in a furtive manner, fled the store when the security guard confronted her companions, or acted with complicity in the parking lot prior to her arrest. (See *People v. Harshbarger* (1974), 24 Ill. App. 3d 335, 338, 321 N.E.2d 138.) Therefore, the defendant has established a *prima facie* case to sustain her claim that probable cause for her arrest was lacking (*People v. Billings* (1977), 52 Ill. App. 3d 414, 367 N.E.2d 337), and the State failed to rebut this case. The trial court erred in failing to suppress the credit card later taken, as a direct result of her arrest, from the defendant's purse at the police station.

■■ This conclusion, however, does not require reversal of the defendant's conviction. Other independent evidence establishes her guilt. Specifically, the watch and receipt the defendant signed in Holly Wurmnest's name establish that the defendant used the latter's stolen credit card to effect the purchase. The defense counsel initially did not object to the admissibility of this evidence. However, in his argument for a directed verdict, he contended there was no chain of custody for the watch and receipt. A chain of custody was not necessary here because the

 

security guard positively identified the watch and receipt as having been received by the defendant in the store. Consequently, a proper foundation for introduction of this evidence was made and the alternative use of chain of possession was not necessary. (*People v. Sansone* (1976), 42 Ill. App. 3d 512, 356 N.E.2d 101.) Moreover, since the defense counsel's only question was specifically directed toward a chain of custody rather than toward an illegal seizure of the watch, the defendant has waived any basis for taking the latter position on appeal. (*People v. Canaday* (1971), 49 Ill. 2d 416, 423-24, 275 N.E.2d 356.) In any event, the defendant's standing to question the seizure of the watch and receipt from the car is highly doubtful. See *Brown v. United States* (1973), 411 U.S. 223, 229, 36 L. Ed. 2d 208, 214, 93 S. Ct. 1565, 1569; *People v. McNeil* (1972), 53 Ill. 2d 187, 290 N.E.2d 602.

The defendant also argues that the trial court improperly relied upon her recent arrests, which had not yet resulted in convictions, when it imposed an excessive sentence of 364 days. She now requests that her sentence either be modified to probation or reduced to the 30-day period of incarceration she claims to have served before her release on bond pending appeal.

The record shows that the trial court initially sentenced the defendant to serve 364 days. However, when the defendant properly filed a post-trial motion within 30 days after judgment, seeking a sentence modification, the trial court then reduced the sentence to 6 months. The defendant does not specifically claim this sentence was excessive.

■■ Concerning the defendant's request that her sentence be modified to probation, an appellate court may not reduce a sentence of incarceration to probation. (*People v. Bolyard* (1975), 61 Ill. 2d 583, 588, 338 N.E.2d 168.) And, as to her alternative suggestion that her sentence be reduced to the time she claims to have served, although the trial court may have erred in considering the defendant's arrests in the initial sentencing, there is no claim that the trial court acted arbitrarily or considered improper factors when it subsequently reduced the defendant's sentence to 6 months. The 6-month sentence the defendant actually received was substantially within the limits set by the legislature, and the trial court was cognizant of the defendant's age and history at the sentence reduction hearing; the motion for a sentence reduction advised the court of the defendant's age and family background, and reiterated her lack of prior convictions.

From the record presented we cannot say the trial court's sentence was inappropriate.

Judgment affirmed.

McNAMARA and JIGANTI, JJ., concur.