THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ISRAEL VELEZ, Defendant-Appellant.

First District (3rd Division) No. 1—89—1489

Opinion filed September 28, 1990.

320

Allan A. Ackerman and Joelle Hollander, both of Chicago, for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Renee Goldfarb, William Pistorius, and Mary Morris, Assistant State's Attorneys, of counsel), for the People.

JUSTICE FREEMAN delivered the opinion of the court:

Following a bench trial in the circuit court of Cook County, defendant, Israel Velez, was convicted of possession of more than 15 grams of a controlled substance with intent to deliver (Ill. Rev. Stat. 1987, ch. 56½, par. 1401(a)(2)), and sentenced to nine years' imprisonment in the Illinois Department of Corrections.[1] Defendant appeals,

---

[1]Defendant was tried jointly with two codefendants.

contending that the trial court erred in denying his motions to quash his arrest and suppress evidence.

The record reveals that on October 15, 1987, Officer John Neumann, a Chicago policeman, appeared before Judge John Morrissey to obtain a search warrant to search the person of "Israel, a white male Hispanic, 5'7", 145 lbs., with black hair," and a second-floor apartment at 3354 West Montrose in Chicago. The complaint in support of the warrant stated that Officer Neumann had obtained information from a reliable, confidential informant who had provided reliable information in the past which resulted in three arrests and two convictions in drug possession cases.

Further, the complaint stated that the informant had told Neumann that on October 15, 1987, he (the informant) had gone to Israel's apartment at 3354 West Montrose, and was admitted inside by Israel. Once inside, the informant purchased one-half gram of what he believed to be cocaine from Israel. The informant observed as Israel removed the substance from a large package, weighed and packaged it. He then gave Israel $50 in exchange for the one-half gram of the substance. The informant used the substance, which gave him the same effect and feeling that he had received from past cocaine use. Based upon this information Judge Morrissey issued a search warrant to locate cocaine, narcotics paraphernalia, proof of residency and United States currency.

Officer Neumann testified at defendant's joint bench trial and suppression hearing. According to him, on October 17, 1987, at about 7 p.m., he and several other police officers went to the area of 3354 W. Montrose to execute the search warrant. While parked at the corner of Kimball and Montrose with the informant and another police officer, a car driven by defendant drove by. The informant stated, "[T]here goes Israel."

Neumann ordered the informant out of the car. The officers then watched as defendant parked his car, got out and walked into the alley behind 3354 West Montrose. The officers drove up to defendant and called out the name "Israel." Defendant turned in response, and Neumann informed him that he had a search warrant.

As a result of the search of defendant, the officers recovered a bag containing white powder from his left front coat pocket. Defendant was arrested.[2] The substance was later analyzed by the Chicago

---

[2]Pursuant to the search warrant, the officers searched the second-floor apartment at 3354 West Montrose. Additional drugs, money, proof of defendant's occupancy at that address and a firearm were seized. Additionally, two other people, Steve Strong and Eugene Johnson, were present in the apartment and were arrested.

police department crime lab and determined to be 249.5 grams of cocaine.

On cross-examination Neumann testified that he had written the report of the October 17 search and seizure. He admitted that the facts that the informant was present at the scene and identified defendant on the evening of the search were not included in the report. Neumann stated, however, that what was included in the report was a generalization of what occurred.

Defendant testified, with the aid of an interpreter, in his own defense. Defendant characterized himself as 5 feet 11 inches and weighing 195 lbs. According to him, he and his family live at 3354 West Montrose. In addition to his family, Salvatore Zuniga used to live in the home. Defendant described Zuniga as being about 5 feet 7 inches, 145 pounds, with black hair.

On the evening of October 17, defendant parked his car on Kimball and was walking in the alley which leads to the back of his house. Two men in plain clothes approached him, asked him if he had any guns and pushed him against the car. The men then searched him. According to defendant the officers neither called to him by the name of Israel, identified their office, nor told him that they had a search warrant. After the search and seizure of the drugs, the men pushed defendant inside the car and handcuffed him. Defendant remained inside the car for about 45 minutes. Defendant also testified that, prior to October 17, he had not been home since October 15.

On cross-examination defendant stated that he has lived in the United States for about 18 years. When asked whether he spoke English, he responded that he did not understand too much.

Following the joint suppression hearing and bench trial the court denied defendant's motions to quash the search warrant and arrest and to suppress evidence. Defendant was found guilty of possession of a controlled substance with intent to deliver and he now appeals. We affirm.

Defendant's sole contention is that the trial court erred in denying his motions to quash the search warrant and arrest and to suppress evidence. He raises two arguments in support thereof. Defendant first argues that the State violated rules of pretrial discovery by not revealing, prior to trial, the presence of the confidential informant on the night of his arrest. He maintains that he was prejudiced by the State's failure to disclose, and further, he argues that the court erred in denying his motion to compel the State to produce the informant.

Disclosures to the defendant in criminal cases are governed by Supreme Court Rule 412. (107 Ill. 2d R. 412.) The appropriate

sanction for failure to comply with discovery rules may be an order of compliance, a continuance, exclusion of the evidence, or other order which the trial court deems just under the circumstances. (107 Ill. 2d 415(g)(i).) The imposition of an appropriate remedy for failure to disclose evidence during discovery is left to the sound discretion of the trial court (*People v. Morgan* (1986), 112 Ill. 2d 111, 135, 492 N.E.2d 1303, *cert. denied* (1987), 479 U.S. 1101, 94 L. Ed. 2d 180, 107 S. Ct. 1329), and will not be reversed unless prejudice or surprise is demonstrated. (*People v. Sakalas* (1980), 85 Ill. App. 3d 59, 72, 405 N.E.2d 1121.) Even though trial courts are given wide latitude in imposing sanctions for discovery violations, the preferred sanctions are recess or continuance, if the granting thereof would be effective to protect the defendant from prejudice or surprise. *People v. Carrasquillo* (1988), 174 Ill. App. 3d 1023, 1032, 529 N.E.2d 603; *People v. Flores* (1988), 168 Ill. App. 3d 284, 522 N.E.2d 708.

In considering whether an alleged trial error violated the defendant's right to disclosure guaranteed by Rule 412 (107 Ill. 2d R. 412), it is necessary to first consider the nature of the defendant's request. If the request was specific, failure to respond is seldom if ever excusable, but if the request was general then there is a constitutional error only if the omitted evidence creates a reasonable doubt of guilt that did not otherwise exist. (*People v. Bouska* (1983), 118 Ill. App. 3d 595, 599, 455 N.E.2d 257.) Further, where the request for disclosure of information does not notify the prosecution of the defendant's theory of defense, nondisclosure of allegedly material evidence would be cause for reversal only if, when evaluated in the context of the entire record, the omitted evidence would create a reasonable doubt that did not otherwise exist.

Defendant has not included his motion for discovery in the record. Thus, we are unable to determine, with any certainty, specifically what information he requested from the State concerning the informant, or whether the motion even notified the State of defendant's theory of defense. A response included in the State's answer to defendant's motion for discovery states that "[n]o informant that the People intend to call as a witness in the trial of the cause exists." This answer leads us to believe that defendant was aware of the existence of an informant, and requested information concerning the State's plan to present the informant as a witness. However, in the absence of more, we cannot conclude that the State failed to comply with defendant's motion for discovery.

Even were we to conclude that such a violation did occur, we believe that defendant, first, by his failure to assert that claim at

trial, and second, by his failure to seek either a recess or a continuance, has waived any claim of a discovery error. Moreover, at the time the testimony concerning the informant's presence was elicited, defendant voiced no objection to it. Instead, prior to proceeding with cross-examination, defense counsel motioned the court for production of the informant. Defendant's pursual of this inappropriate, more extreme remedy waived any allegation of discovery violation and error. See *People v. Visgar* (1983), 120 Ill. App. 3d 584, 457 N.E.2d 1343; *People v. Nelson* (1980), 92 Ill. App. 3d 35, 415 N.E.2d 688, *cert. denied* (1981), 454 U.S. 900, 70 L. Ed. 2d 217, 102 S. Ct. 404.

■■■ However, the failure of a defendant to request information is not dispositive of the State's duty to disclose. Where the defendant is unaware of evidence and therefore does not specifically request its production, the prosecution is not thereby relieved of its constitutional obligation to furnish it to the defendant. (*People v. Jones* (1977), 66 Ill. 2d 152, 159, 361 N.E.2d 1104.) Information may be so significant that the State's duty to disclose is not dependent upon the defendant's request. (See *United States v. Agurs* (1976), 427 U.S. 97, 110, 49 L. Ed. 2d 342, 353, 96 S. Ct. 2392, 2400.) Unquestionably, information that is favorable to an accused must be disclosed by the State. (*People v. Veal* (1978), 58 Ill. App. 3d 938, 962, 374 N.E.2d 963, *cert. denied* (1979), 441 U.S. 908, 60 L. Ed. 2d 378, 99 S. Ct. 2001.) The standard to be applied is the materiality of the information, which requires a review of the entire record. (*Jones,* 66 Ill. 2d at 160-61.) When there has been no specific request, absent a finding that the omitted evidence creates a reasonable doubt of the defendant's guilt, constitutional error has not been committed. *Jones,* 66 Ill. 2d at 160, citing *Agurs,* 427 U.S. at 112, 49 L. Ed. 2d at 354-55, 96 S. Ct. at 2401-02.

■■ After review of the record, we conclude that the information concerning the informant's presence and on-the-scene identification was not sufficient to create a reasonable doubt of defendant's guilt. Additionally, we note that the omissions in the police report, however significant, bore upon the issue of Neumann's credibility, which was a matter for the trial judge to determine. Apparently, the judge found the officer's testimony credible and we cannot disagree.

■■ Further, we conclude that defendant was not entitled to production of the informant. The circumstances whereby disclosure of an unidentified informant is required are noted in Supreme Court Rule 412(j)(ii), which provides, in pertinent part:

"Informants. Disclosure of an informant's identify shall not be required where his identity is a prosecution secret and a fail-

ure to disclose will not infringe the constitutional rights of the accused. Disclosure shall not be denied hereunder of the identity of witnesses to be produced at a hearing or trial." (107 Ill. 2d R. 412 (j)(ii).)

The prosecution is required to disclose the existence of an informant even though the informant's identity can be withheld. Ill. Ann. Stat., ch. 110A, par. 412(j)(ii), Historical and Practice Notes, at 615-16 (Smith-Hurd 1985); *People v. Forsythe* (1980), 84 Ill. App. 3d 643, 645, 406 N.E.2d 58.

 ■ Our supreme court, in *People v. Lewis* (1974), 57 Ill. 2d 232, 235, 311 N.E.2d 685, has adopted the *Roviaro* standard, holding that disclosure would be required when an informant acted in the dual role of informant-participant. (*Roviaro v. United States* (1957), 353 U.S. 53, 64-65, 1 L. Ed. 2d 639, 647, 77 S. Ct. 623, 630.) Where an informant's knowledge is potentially significant on the issue of the defendant's guilt or innocence, the defendant is prejudiced by the State's denial of production. (See *People v. Perez* (1974), 25 Ill. App. 3d 371, 377, 323 N.E.2d 399.) Contrarily, where the unnamed informant was neither a participant nor material witness to the essential elements of the offense, the informant is not a crucial witness and his identity can be withheld. (See *People v. Chaney* (1976), 63 Ill. 2d 216, 347 N.E.2d 138; *People v. Hill* (1978), 58 Ill. App. 3d 494, 500, 374 N.E.2d 827.) Finally, where the informant could not have testified to any facts bearing on the charged offense, but merely provided information to law enforcement officials, his disclosure is not required. See *People v. Molsby* (1978), 66 Ill. App. 3d 647, 654, 383 N.E.2d 1336.

 ■ Defendant argues that the court summarily denied his motion to compel production of the informant without any prior balancing of interests. The balancing of rights test, as enunciated in *Roviaro*, calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. (*Roviaro*, 353 U.S. at 60-62, 1 L. Ed. 2d at 645-46, 77 S. Ct. at 627-29.) In Illinois the factors considered by the courts under this test are whether the request for disclosure related to the fundamental question of guilt or innocence rather than to the preliminary issue of probable cause, whether the informant played an active role in the criminal occurrence, as opposed to being a mere tipster, and whether it has been shown that the informant's life or safety would likely be jeopardized by disclosure of his identity. See *People v. Raess* (1986), 146 Ill. App. 3d 384, 390-91, 496 N.E.2d 1186 (and cases cited therein).

*People v. Hampton* (1973), 14 Ill. App. 3d 427, 302 N.E.2d 691, is a case which is factually similar to the present case. There, police officers testified that a reliable informant supplied them with information concerning the defendant's description and location. The police report stated that the arresting officer met with a reliable informant and that the informant had told him that he bought a package of heroin from the defendant about 20 minutes prior to the informant meeting with the police. The report did not mention, but the officer testified, that the informant had pointed out the defendant to the officer several days before, had telephoned the officer before meeting with him, and had described the defendant to the officer.

At the suppression hearing the defendant argued, *inter alia,* that the informant was not reliable and motioned the court to suppress the evidence or, in the alternative, to order the informant to appear at an *in camera* preliminary hearing for cross-examination. The defendant's motion was denied. On appeal, the reviewing court held that since the issue was not one of guilt or innocence, but rather, one of probable cause for the arrest, the police need not disclose the informant's identity where the police relied in good faith upon credible information supplied by a reliable informant.[3]

■■ Here, police relied on a search warrant and on the informant's on-the-scene identification to search defendant. The informant played no material role as a participant in defendant's possession of the controlled substance, nor could he have provided any testimony concerning the charged offense. He was not present with the police officers at the time of the search and arrest. This case, like *Hampton* and *Molsby,* is one where the informant simply provided information to the police officers. The informant's testimony would have had no significant value on the issue of defendant's guilt or innocence. The issue presented at defendant's joint suppression hearing and trial was probable cause, not defendant's guilt or innocence. The trial judge correctly decided that the informant was not "transactional" and, therefore, disclosure of his identity was not required.

Finally, we note that defendant's reliance on *Raess* and *People v. Woods* (1989), 186 Ill. App. 3d 488, 542 N.E.2d 1247, is misplaced. In both cases production of the informant was determined

---

[3]In *Hampton,* since the arrest was made without a warrant, the officer was required to show, at the suppression hearing, the reliability of the informant. Here, the reliability of the informant had previously been demonstrated in the complaint for issuance of the search warrant.

to be essential to the issue of the defendants' entrapment defenses at trial. Defendant here presented no defense upon which the informant's testimony would be relevant or material at trial.

Defendant's second argument is that the search of his person was totally lacking in probable cause. He first maintains that while the complaint for the issuance of the search warrant expressly alleged that there was probable cause to believe that drugs would be found in the second-floor apartment, no such claim was made as it related to his person. Thus, he argues, absent any claim that Neumann believed that contraband would be found on his person, no warrant should have issued.

■■■ Defendant's rather simplistic argument makes for easy disposition. We have reviewed the preprinted complaint for search warrant form. In the first paragraph of the form, Neumann requested the issuance of a search warrant to search the person of defendant and the premises at 3354 W. Montrose, and to seize "all cocaine used to commit the Offense of Possession of a Controlled Substance, Narcotic Paraphernalia, along with proof of residency including but not limited to bills and correspondence, and US Currency" which have been used in the commission of, or which constitute evidence of the offense. The second paragraph of the form, preprinted, states "Complainant says that he has probable cause to believe, based upon the following facts, that the above things to be seized are located upon the (person and) premises set forth above." Neumann then set out the facts which formed the basis for his belief and signed the complaint. Clearly, the allegation of probable cause as to the person of defendant is expressly stated in the complaint.

■■■ ■ Defendant next maintains that the search of his person was illegal because the complaint, upon which the warrant was based, contained a misdescription of him. A complaint for a search warrant must describe with particularity the place or person, or both, to be searched and things to be seized. (Ill. Rev. Stat. 1987, ch. 38, par. 108—3(a).) The test for the sufficiency of the description is whether the place or person is so described as to leave the officers no doubt and no discretion as to the premises or person to be searched. (*People v. Curry* (1981), 100 Ill. App. 3d 405, 410, 426 N.E.2d 1118; *People v. Staes* (1968), 92 Ill. App. 2d 156, 235 N.E.2d 882.) The purpose of this requirement is to prevent the issuance of general warrants. (*People v. Wolski* (1980), 83 Ill. App. 3d 17, 23, 403 N.E.2d 528, *cert. denied* (1981), 450 U.S. 915, 67 L. Ed. 2d 339, 101 S. Ct. 1356; *People v. Hicks* (1977), 49 Ill. App. 3d 421,

429, 364 N.E.2d 440.) Finally, partial invalidity of a search warrant is not fatal to the validity of the whole warrant. *People v. McCoy* (1985), 135 Ill. App. 3d 1059, 1067, 482 N.E.2d 200.

We would agree with defendant that with such a variance in defendant's physical characteristics and the description given of him in the complaint, the officers would not have had any cause to approach him. However, the description of defendant in the complaint was received from the same informant who subsequently identified defendant to the police. Even though his description was grossly incorrect, he nonetheless recognized defendant on sight. Additionally, defendant responded to the call of the name "Israel." We believe that the informant's on-the-scene identification was sufficient to cure the defect of the misdescription. There could be no doubt as to who was meant by the warrant to be searched.

Defendant's more substantive argument is that because there was probable cause to search his home does not necessarily mean that there was also probable cause to search his person. He claims that the warrant failed for a lack of any facts establishing probable cause to believe contraband would be found on him. Therefore, he concludes, the search of his person was illegal. We disagree.

Preliminarily, we note, as does the State, that defendant, below, made no allegation of insufficiency of facts in attacking the validity of the warrant to search his person. Instead, defendant, to no avail, claimed no probable cause due to the variance in the physical description. In considering the validity of a search warrant, a reviewing court may consider only information brought to the attention of the magistrate or the trial court. (*People v. Garcia* (1982), 109 Ill. App. 3d 142, 150, 440 N.E.2d 269, *cert. denied* (1983), 460 U.S. 1040, 75 L. Ed. 2d 792, 103 S. Ct. 1433; *People v. Edwards* (1976), 35 Ill. App. 3d 807, 342 N.E.2d 800.) Thus, defendant has not preserved this claimed error for review. That notwithstanding, we will consider the argument.

The existence of probable cause for the issuance of a search warrant is a judicial question to be decided in the first instance by a magistrate before whom the complaint for a search warrant is made. (*People v. Fiorito* (1960), 19 Ill. 2d 246, 258, 166 N.E.2d 606, *cert. denied* (1960), 364 U.S. 870, 5 L. Ed. 2d 93, 81 S. Ct. 113.) "Probable cause means simply that the facts and circumstances within the knowledge of the affiant, and of which he had reasonably trustworthy information, were sufficient in themselves to warrant a man of reasonable caution to believe that the law was being violated and that evidence of it was in the premises or vehicle

or on the person to be searched." (*People v. Francisco* (1970), 44 Ill. 2d 373, 376, 255 N.E.2d 413, citing *Fiorito*, 19 Ill. 2d at 257; *People v. Gates* (1983), 118 Ill. App. 3d 70, 454 N.E.2d 1018.) Absent direct evidence that the items to be seized are in the place to be searched, reasonable inferences may be entertained to create a sufficient nexus. *McCoy*, 135 Ill. App. 3d 1059.

Defendant cites to *People v. Harshbarger* (1974), 24 Ill. App. 3d 335, 321 N.E.2d 138, for the proposition that just as probable cause for one's person does not create probable cause for one's car, probable cause for one's home cannot, on its face, imply probable cause for the one who lives there. Defendant misunderstands *Harshbarger.*

In *Harshbarger,* the police received information that Robert Leads had a large quantity of marijuana in his possession. The police knew Leads, and they went to his house, asked and received his consent to search his car. Finding nothing of consequence, they then asked and were permitted to check the house. When they entered the house they observed three other young men, one of whom was the defendant Harshbarger. Additionally, the officers noticed what they believed to be a strong smell of burning marijuana, but they found none in the home. Nonetheless, all four men in the house were arrested for possession, taken to the police station and searched. The police had neither a search nor an arrest warrant, they had never seen defendant before, and they had not seen defendant in possession of any marijuana.

As a result of the search of defendant, the police recovered a quantity of amphetamines. Defendant was then asked and refused permission to search his car. The police subsequently obtained a search warrant. The affidavit in support of the complaint stated that the officers had arrested defendant and found him to have in his possession controlled substances and it was believed that there may be more controlled substances in his automobile. The affidavit also stated that the defendant had just left his automobile immediately prior to his arrest.

In reversing the trial court's denial of the defendant's motion to suppress, the court stated that the affidavit contained little more than a statement of the affiant's belief that because controlled substances were found on defendant's person, there might be more substances in his car. No other background facts were presented to the judge. The judge had not been informed of the circumstances of the defendant's arrest and consequently he had no opportunity to judge the lawfulness of either his arrest or the search of his person.

The court concluded that the warrant should not have been issued because the affidavit did not provide a sufficient basis for finding of probable cause.

Unlike the present case, the warrant in *Harshbarger* was premised on an initial illegal search and arrest. We also note that the inference that defendant Harshbarger might have drugs in his car was drawn from a fabricated statement and premised on insufficient background facts. Other than the fact that drugs were recovered as a result of the illegal search, there were no particular facts to support that inference. Further, nothing in *Harshbarger* suggests that had there been sufficient background facts that the inference that drugs could be in the car would not have been reasonable.

■ Here, the officer gave particular facts, gained from a reliable informant, concerning the details of an illegal drug transaction between himself and defendant. The information provided indicated that "Israel," who invited the informant inside, lived on the premises to be searched or was in control of the same, and sold the informant the illegal drugs. Thus, there was a connection between defendant, the premises to be searched and the items to be seized. The inference that drugs could be on defendant's person was properly based on this background information.

In light of the information known to the officers as well as the nature of the offense here charged, we do not find it an unreasonable inference that defendant might carry drugs or the money gained from the sale thereof on his person. Thus, we believe that the facts presented in support of the warrant were sufficient to permit Judge Morrissey to issue the warrant. Further, we conclude that the warrant, which authorized the search of defendant's person, was sufficiently supported by probable cause.

For the foregoing reasons, we affirm the order of the circuit court.

Affirmed.

CERDA, P.J., and WHITE, J., concur.