984 So.2d 870 (2008)
STATE of Louisiana
v.
Bryant WILSON.
No. 07-KA-961.
Court of Appeal of Louisiana, Fifth Circuit.
April 15, 2008.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Thomas J. Butler, Michael D. Smith, Assistant District Attorneys, Twenty-Fourth Judicial District, Parish of Jefferson, Gretna, Louisiana, for Plaintiff/Appellee, The State of Louisiana.
*871 Frank Sloan, Attorney at Law, Louisiana Appellate Project, Mandeville, Louisiana, for Defendant/Appellant, Bryant Wilson.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SUSAN M. CHEHARDY, and FREDERICKA HOMBERG WICKER.
SUSAN M. CHEHARDY, Judge.
Bryant Wilson appeals the trial court's denial of his motion to suppress evidence. We affirm.
On December 3, 2004, Bryant Wilson was charged in a three-count bill of information with violations of La.R.S. 40:966(A), possession of marijuana with intent to distribute (Count 1); La.R.S. 40:967(A), possession of cocaine with intent to distribute (Count 2); La.R.S. 14:95.1, possession of a firearm by a convicted felon (Count 3).[1]
The defendant was arraigned on December 7, 2004, and pleaded not guilty to all charges. The defendant filed a Motion to Suppress Evidence, which was heard over the course of two days. At the conclusion of the second day's hearing, January 30, 2007, the district court denied the motion to suppress.
On March 19, 2007, the defendant entered guilty pleas to all three counts, reserving his right to appeal the denial of his suppression motion pursuant to State v. Crosby, 338 So.2d 584 (La.1976). The district court immediately sentenced the defendant to 15 years at hard labor on both Count 1 and Count 2. On Count 3 the court sentenced the defendant to ten years at hard labor. The court ordered that all three sentences be served concurrently with each other.
On March 20, 2007, the State filed a habitual offender bill of information alleging the defendant was a second felony offender. On the same day the defendant waived his rights and entered an admission to the allegations in the habitual offender bill. The court vacated the defendant's sentence as to Count 2. In accordance with a sentencing agreement, the court imposed an enhanced sentence of 15 years on Count 2, to run concurrently with the sentences on Counts 1 and 3 and with any other sentences the defendant was serving.
The defendant now appeals under Crosby, supra.
FACTS
These facts are taken from the transcript of the defendant's suppression hearing, as well as from the transcript of the suppression hearing of Nekita New, who was charged with misdemeanor marijuana possession in connection with this investigation.[2]
Lieutenant Bruce Harrison of the Jefferson Parish Sheriff's Office testified that on November 15, 2004, he learned from a confidential source that Patrice New and an unknown black man in his late twenties were selling cocaine at Patrice New's residence at 2408 Houma Boulevard, Apartment 411. Lieutenant Harrison stated the informant was someone from whom he had received reliable information in the past, and he knew this person to be a credible source. Harrison also learned that Patrice New had several outstanding attachments in both Orleans Parish and Jefferson Parish.[3] *872 He passed all of this information on to Sergeant Robert Gerdes of the Project Safe Neighborhood narcotics operation.
Sergeant Gerdes testified that based on the information Lieutenant Harrison gave him, he planned an investigation of the Houma Boulevard residence. Gerdes went to the apartment building and surveyed the area. He determined it would be impossible to conduct surveillance of Apartment 411 from a vehicle, because the front door of that apartment faced a courtyard and was not visible from the street. He felt a surveillance done from the courtyard would be compromised. Taking those factors into account, Gerdes decided his group should perform what he termed a "knock-and-talk" at the residence.
At about 10:30 p.m. on the night of November 15, 2004, Gerdes approached the front door of Apartment 411 with several other officers. Deputy Frank Gattuso, the only officer in full police uniform, knocked on the door and announced that the Jefferson Parish Sheriffs Office was there. A woman answered the door and identified herself as Patrice New. Detective Shane Klein testified he immediately smelled the odor of burning marijuana.
Relying on the attachments on Patrice New and the smell of marijuana, the officers stepped inside the apartment. Klein testified that Patrice New was immediately arrested on the attachments. Gerdes and Klein saw the defendant running up the staircase that led to the second floor of the apartment. Klein said he and Gerdes followed the defendant, and they stopped him as he walked out of a bathroom on the second floor. Klein testified he did not see what the defendant had been doing in the bathroom, but he saw water around the toilet. Klein said that based on the defendant's behavior, he believed the defendant was discarding contraband.
Agent Eric Dufrene, who remained on the first floor of the apartment, discovered some marijuana blunts (i.e., cigars stuffed with marijuana) in an ashtray on the kitchen table. One of the blunts was still burning, and Dufrene determined it was the source of the marijuana odor. Gerdes testified that Dufrene alerted him and Klein to the discovery of the marijuana.
Klein and Gerdes arrested the defendant for possession of the marijuana in the ashtray and handcuffed him. The officers searched the defendant's person incident to the arrest and found crack cocaine and marijuana in his pocket. They escorted the defendant to the first floor of the apartment. Klein testified that he saw the ashtray with marijuana blunts on the table in plain view. At least one of the blunts was burning and was hot to the touch. Gerdes said Nekita New, Patrice's sister, was also in the apartment, and he issued her a summons for misdemeanor marijuana possession.
Dufrene and Klein left to obtain a warrant to search the apartment, while other officers stayed behind to secure the premises. Dufrene testified that he wrote the search warrant application. Dufrene and Klein went to the home of Judge Ross LaDart, who signed the search warrant at 12:15 a.m. on November 16, 2004. Klein notified Sergeant Gerdes by radio that the warrant had been signed.
Dufrene and Klein returned to the apartment and aided in executing the search warrant. Klein testified that the officers broke open the toilet on the second floor and found narcotics, although he did not specify what types of narcotics were in *873 the toilet. The return on the search warrant lists several other items seized, including a digital scale, a box of clear plastic sandwich bags, tennis shoes and other items of male clothing, a "ballistic vest," a cellular telephone, and a gun.
Patrice New testified for the defense at the suppression hearing. She stated that when the officers arrived at her apartment, she was playing cards at the kitchen table with Nekita (her sister) and the defendant (her boyfriend). She said that neither she nor Nekita smokes marijuana, but the defendant does. The defendant smoked marijuana earlier in the day, but he did not smoke any while they were playing cards. The blunts the defendant had smoked were in an ashtray on the kitchen table, but none of them were lit or smoldering at 10:30 p.m. Patrice further testified there was no marijuana smell in the apartment when the officers arrived.
Patrice testified that when the officers knocked on the front door, the defendant went to the door. He returned and told her there were police officers there. The defendant then went upstairs. Patrice opened the door and the officers asked for her name. When she identified herself, they told her they had a warrant for her arrest. Patrice testified she did not give the officers permission to enter her apartment, but the officers nevertheless entered and began searching the place.
She said that at one point some of the officers left the apartment for about one hour. During that time she and the defendant were under arrest and were held at the apartment by the remaining officers. The officers who had left returned with a long black pipe-looking object. Patrice presumed they used it to break the upstairs toilet. She did not see what the officers did, since they were upstairs, and she was handcuffed to the table on the first floor.
Nekita New, who was also called as a defense witness, testified that no one smoked marijuana at Patrice's apartment during the time she was there that night.
ASSIGNMENT OF ERROR NUMBER ONE
In his sole assignment of error, the defendant asserts the trial court erred and/or abused its discretion by denying the Motion to Suppress Evidence.
The defendant argues the officers improperly began their search of Patrice New's apartment before the search warrant was signed. He challenges only the seizure of the evidence taken in connection with the search warrant, including the narcotics evidence found inside of the toilet.
The Fourth Amendment to the United States Constitution and Article 1, § 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. State v. Boss, 04-457, p. 5 (La.App. 5 Cir. 10/26/04), 887 So.2d 581, 585. If evidence is derived from an unreasonable search or seizure, the proper remedy is to exclude the evidence from trial. Id. Warrantless searches and seizures are unreasonable per se unless justified by one of the exceptions to the warrant requirement. State v. Thompson, 02-0333, p. 6 (La.4/9/03), 842 So.2d 330, 335-36. The State bears the burden of proving the admissibility of evidence that is seized without a warrant. La.C.Cr.P. art. 703(D); State v. Haywood, 00-1584, p. 5 (La.App. 5 Cir. 3/28/01), 783 So.2d 568, 574.
In support of his assertion that the officers began searching New's apartment before the judge signed the search warrant, the defendant points to the times listed on the warrant and the warrant return. The notation below Judge LaDart's signature shows the judge signed the search warrant at 12:15 a.m. on November 16, 2004. The return on the search warrant states, in *874 part, "At 10:30 O'clock on [sic] 11-15-04 the undersigned member of the JEFFERSON PARISH SHERIFF'S OFFICE executed the foregoing SEARCH WARRANT [.]"
Agent Eric Dufrene, the affiant on the warrant application, testified that the time of 10:30 was a typographical error. He stated that 10:30 on November 15, 2004 was the time the officers initially arrived at New's apartment, and not the time the search warrant was executed. Detective Klein also testified that the search did not begin at 10:30. The only officer who both stayed behind to secure the residence and testified at the suppression hearing was Sergeant Gerdes, and he did not give any testimony as to exactly when the search began.
The defendant points out that Klein's police report listed 12:07 a.m. on November 16, 2004 as the time the search began, which was a full eight minutes before the judge signed the warrant. The report to which the defendant refers was used at the suppression hearing for impeachment purposes, but was not admitted in evidence. In his closing argument at the suppression hearing, Patrice New's attorney read the following passage from Klein's report: "At approximately 12:07 a.m., Detective Klein notified Sergeant Gerdes that he possessed a lawful order of search." The prosecutor responded that the report gave 12:07 a.m. as an approximate time, and that it could simply reflect a discrepancy between the officer's timepiece and the judge's.
The defendant further points to Patrice New's testimony that immediately after placing defendant under arrest, the officers began to search her possessions. She stated that the officers were "[t]aking the pillows off the sofa. They were raising upwe had a plant. They were raising things up." New further stated that the officers went into the kitchen and "went through the cabinets, opened the drawers, looked in the refrigerator, things like that."
Klein said that occurred after the search warrant was issued. Klein also stated that, aside from the marijuana in plain view and the items found on the defendant's person in the search incident to arrest, nothing was seized prior to issuance of the search warrant. Klein testified he was present when the toilet was broken and the narcotics were found inside of it.
Dufrene testified that Klein notified Gerdes by radio once the search warrant had been signed.
We conclude that the officers who remained at the apartment began the search after they received the radioed communication from Klein that the judge had signed the warrant, but before Dufrene and Klein returned to the scene with the warrant.
The Fourth Amendment does not require that the accused be served with a copy of the search warrant before the search and seizure occurs.[4]See Katz v. United States, 389 U.S. 347, 355 n. 16, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967); United States v. Bonner, 808 F.2d 864, 869 (1st Cir.1986), cert. denied, 481 U.S. 1006, 107 S.Ct. 1632, 95 L.Ed.2d 205 (1987); United States v. Woodring, 444 F.2d 749, 751 (9th Cir.1971).
In denying the defendant's motion to suppress, the trial judge stated, in part:
I think things happened the way the policemen said it happened. They went in. They did what they had to do and then they went out and received a *875 search warrant. And I know there are discrepancies in the times on the return of the search warrant but when you're talking midnight, who knows what time could have been placed on there and, especially, since there was testimony that these were typographical errors. I believe that.
A trial court has great discretion when ruling on a motion to suppress, and its ruling will not be disturbed absent an abuse of that discretion. State v. Nicholas, 06-903, p. 6 (La.App. 5 Cir. 4/24/07), 958 So.2d 682, 686. The trial court in this case did not abuse its discretion in denying the defendant's motion.
The trier of fact determines the credibility of witnesses, and within the bounds of rationality, may accept or reject the testimony. It is not the function of the appellate court to assess credibility or reweigh the evidence. State v. Falcon, 06-798, p. 11 (La.App. 5 Cir. 3/13/07), 956 So.2d 650, 657. The trial court in this case clearly found the officers' testimony to be more credible than that of the defense witnesses.
Based on the foregoing, we find no abuse of the trial court's discretion in denying the defendant's suppression motion. Thus, there is no merit to this assignment of error.
ERROR PATENT DISCUSSION
We have reviewed the record for patent errors, pursuant to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). We find no patent errors that require corrective action.
Accordingly, the defendant's convictions and sentences are affirmed.
AFFIRMED.
NOTES
[1] The bill of information also charged Patrice New as a co-defendant in Counts 1 and 2, but the State later dismissed the charges against her.
[2] The transcript of Nekita New's suppression hearing was admitted as State's Exhibit 4 at the hearing on the defendant's motion to suppress evidence. Neither the defendant nor his attorney were present at Nekita New's suppression hearing.
[3] Detective Shane Klein testified that the attachments in Jefferson Parish were for various traffic offenses. Patrice New also was listed as a fugitive from Orleans Parish, but Klein did not know the specific charges against her there.
[4] We find no Louisiana law or ruling that requires a police officer to serve a copy of the search warrant on the person whose house or effects are to be searched before the warrant is executed. See La.C.Cr.P. arts. 161-167.