KUHN, J.
 

 LThis matter is on remand from the Louisiana Supreme Court, which directed this court to issue an opinion after we peremptorily granted an application by the State for supervisory review and reversed the trial court’s decision to suppress evidence. For the following reasons, we conclude the trial court improperly granted the defendant’s motion to suppress.
 

 The defendant, Ralph Maxwell, was charged by bill of information with pornography involving juveniles, a violation of La. R.S. 14:81.1. He filed a motion to suppress evidence seized from his home, arguing the search warrant failed to describe the items to be seized. Although the trial court initially denied the motion, on defendant’s motion for reconsideration, the court reversed its decision and granted the motion to suppress the evidence. The State sought supervisory review by this court. We granted the writ application and reversed the granting of the motion by the trial court.
 
 State v. Maxwell,
 
 2009-1359
 
 *1088
 
 (La.App. 1st Cir.9/28/09) (an unpublished writ action). The defendant sought review of our ruling by the Louisiana Supreme Court, resulting in the order remanding the case for an opinion.
 
 State v. Maxwell,
 
 2009-2340 (La.1/8/10), 24 So.3d 856.
 

 STATEMENT OF FACTS
 

 In late June 2006, Detective Denise Blair, an investigator with the 22nd Judicial District Court, received a complaint from employees of a computer repair shop in Covington who found child pornography on a computer that had been brought in for service. She went to the repair shop and, after an employee showed her nearly two dozen images of child pornography, seized the computer. The employee told her the defendant, a resident of Hammond, was the owner of the ^computer. The Hammond police were called, and the computer was released to them.
 

 Detective George Bergeron and Sergeant Wayne Scivique, with the Hammond Police Department, retrieved the defendant’s computer from Det. Blair. The officers spoke with the repair shop employee, who informed them he had been to the defendant’s house to pick up that computer and, while in the defendant’s home, had seen and worked on other computers at the residence. Based on this information, Det. Bergeron prepared an affidavit for a search warrant of the defendant’s home to search for additional computers or other portable data-storage devices. The warrant was signed by a district court judge and executed by Det. Bergeron and Sgt. Scivique, accompanied by other officers. The return on the search warrant indicates that two additional computers and several portable data-storage devices were seized.
 

 PROCEDURAL HISTORY
 

 In connection with his original motion to suppress, the defendant argued the warrant was defective because it did not describe the items to be seized with particularity. In initially denying the motion to suppress, the trial court cited Louisiana jurisprudence wherein reviewing courts found the particularity requirements were satisfied when the warrant was coupled with a detailed affidavit that supplied the missing information. In his application to the trial court for reconsideration, the defendant cited
 
 Groh v. Ramirez,
 
 540 U.S. 551, 124 S.Ct. 1284, 157 L.Ed.2d 1068 (2004), for the first time. The defendant contended that the facts of
 
 Groh
 
 were identical to the situation presented herein and the warrant therefore was invalid.
 

 |4In its reconsideration of the motion to suppress, the trial court noted there was no question the warrant did not list the property sought through the search, although the items were listed in the affidavit and the warrant referred to the affidavit. The court stressed that only a copy of the warrant and not the affidavit had been given to the defendant at the time of the search. The court thus felt constrained by
 
 Groh
 
 to grant the motion to suppress.
 

 In the writ application presented to this court, the State contended the trial court erred in relying on
 
 Groh
 
 in finding the warrant to be a prohibited general warrant. The State acknowledged that the purpose of the particularity clause of the Fourth Amendment is to ensure that, prior to a search, a detached, neutral magistrate reviews the supposed probable cause for the search and approves the scope of the search. The State argued that the warrant did not violate the particularity clause of the Fourth Amendment because the warrant referenced the affidavit. Although the warrant itself did not contain a list of the items for which the officers wished to search, the affidavit submitted with the warrant application contained a very detailed list. The affidavit and warrant were submitted to and signed by the judge at the same time. The State thus
 
 *1089
 
 contended that the warrant, accompanied by the affidavit, was not facially deficient at issuance. In the alternative, the State argued that even assuming the cursory reference to the affidavit in the warrant itself was insufficient to incorporate the particular description of items to be searched for, the good-faith doctrine of
 
 United States v. Leon,
 
 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), allows for the admissibility of items seized and precludes the exercise of the exclusionary rule based on the good faith of the officer requesting authority to conduct a search. | sFinaIly, the State argued that the benefit of deterrence (of future Fourth Amendment violations) for what was at worst a minor violation of the particularity clause of the Fourth Amendment was far outweighed by the cost of applying the exclusionary rule.
 

 In our initial disposition of the application for supervisory review, this court noted that the district court judge who issued the warrant signed both the application for the warrant and the affidavit at the same time. We further noted the affidavit particularly described the items to be seized, and only items described in the affidavit were seized. We concluded that the trial court’s emphasis on the failure of the officers to serve a copy of the affidavit on the defendant was misplaced because neither the Fourth Amendment nor Louisiana law mandates that the warrant and affidavit be served on the defendant at the time of the execution of the warrant. Moreover, since one of the executing officers was the affi-ant, who knew which items were to be seized, and the items seized were within the scope of the items listed in the affidavit, we concluded there was no bad faith on the part of the executing officers.
 

 After the Louisiana Supreme Court remanded this matter to us, we ordered additional briefs and set this matter for oral argument. As ordered by the Louisiana Supreme Court, we now offer the following analysis in support of our conclusion that the trial court legally erred and abused its discretion in granting the defendant’s motion to suppress the evidence.
 

 DISCUSSION
 

 General warrants are prohibited by the Fourth Amendment of the United States Constitution.
 
 State v. Shannon,
 
 472 So.2d 286, 289 (La.App. 1st Cir.),
 
 writ denied,
 
 476 So.2d 349 (La.1985). The Fourth Amendment requires a particular description of the things to be seized. La. C.Cr.P. art. 162 requires that a search warrant particularly describe the person or place to be searched, the persons or things to be seized, and the lawful purpose or reason for the search or seizure.
 
 See
 
 La. Const, art. I, § 5. These requirements make general searches impossible and prevent the seizure of one thing under a warrant describing another. To determine whether the particularity requirement has been satisfied, the search warrant should be tested in a “common sense and realistic manner without technical requirements of elaborate specificity.”
 
 State v. Shannon,
 
 472 So.2d at 289.
 

 In
 
 Groh,
 
 owners of a private ranch brought civil claims against federal and county law enforcement officers, alleging their Fourth Amendment rights had been violated. At issue was whether the search was “unreasonable” because the warrant failed to particularly describe the persons or things to be seized. Based on information provided by a concerned citizen who had visited the respondents’ ranch and had seen a large stock of weaponry, a law enforcement officer prepared and signed an application for a warrant to search the ranch. The application stated that the search was for “any automatic firearms or parts to automatic weapons, destructive devices to include but not limited to gre
 
 *1090
 
 nades, grenade launchers, rocket launchers, and any and all receipts pertaining to the purchase or manufacture of automatic weapons or explosive devices or launchers.”
 
 See Groh,
 
 540 U.S. at 554, 124 S.Ct. at 1288. The application was supported with a detailed affidavit, which was prepared and executed. The documents were presented to a | ^magistrate, along with a warrant form petitioner had completed; and the magistrate signed the warrant form.
 
 Id.
 

 The United States Supreme Court found the search was unreasonable.
 
 Groh,
 
 540 U.S. at 562, 124 S.Ct. at 1293. Although the application particularly described the place to be searched and the items expected to be found at the residence, the warrant itself was less specific and failed to identify any of the items intended to be seized. While the warrant form contained a section for a description of the property to be seized, only a description of respondents’ two-story home, rather than the alleged firearms, was listed there. The warrant did not incorporate by reference the itemized list contained in the application, and it was disputed whether the objects of the search had been orally described when the agents arrived at the respondent’s home. No illegal weapons or explosives were found. When the officers left the home, they gave one of the homeowners a copy of the search warrant, but not a copy of the application, which was sealed.
 

 In holding that the warrant was invalid, the Supreme Court noted that the fact that the application adequately described the “things to be seized,” did not save the warrant from facial invalidity because the Fourth Amendment by its terms requires particularity in the warrant, not in the supporting documents.
 
 Groh,
 
 540 U.S. at 557, 124 S.Ct. at 1289-90. The purpose of the particularity requirement is not just the prevention of general searches but assures the individual whose property is subject to the search “of the lawful authority of the executing officer, his need to search, and the limits of his power to search.”
 
 Groh,
 
 540 U.S. at 561, 124 S.Ct. at 1292. Because the officer did not have in his possession a warrant particularly describing the things to seize, proceeding with the search was clearly ^unreasonable under the Fourth Amendment. Recognizing that most of the federal courts of appeals have held that a court may construe a warrant with reference to a supporting application or affidavit if the warrant uses appropriate words of incorporation and the supporting document accompanies the warrant, the court specifically noted that it did not find that the Fourth Amendment prohibits a warrant from cross-referencing other documents.
 
 Groh,
 
 540 U.S. at 557-58, 124 S.Ct. at 1290.
 

 Upon executing the warrant at issue herein, Sgt. Scivique spoke to the defendant at the residence. He informed the defendant why they were there and gave him a copy of the warrant but not the affidavit. Det. Bergeron testified that the officers were looking for “other computers, removable media, CD drives, CD storage devices, thumb drives. Anything that could hold any type of data or information on it.” Det. Bergeron further testified that he knew what he was looking for prior to entering the defendant’s home because he listed the items in the affidavit used for obtaining the search warrant. He was not searching for anything besides what was listed in the affidavit.
 

 We are mindful that
 
 Groh
 
 rejects the notion that a search is reasonable just because a warrant has been issued. However, despite defense counsel’s argument to the trial court that the facts of this case are indistinguishable from those of
 
 Groh,
 
 we find there are substantial and important factual differences. First, we note
 
 *1091
 
 that
 
 Groh
 
 was not concerned with the application of the exclusionary rule in a criminal case; in fact, no evidence was discovered during the search.
 
 Groh
 
 was a civil proceeding in which the owners of a ranch sued federal and county law enforcement agents who searched their property under the authority of a warrant |¡,that did not describe the items to be seized. The homeowners claimed they were given minimal and perhaps misleading information about the objects of the search, and the focus of the case was whether an officer who conducted a search under those circumstances was entitled to claim he was operating in good faith so as to avoid civil liability. In the section of the warrant where the property to be seized was to be described, the warrant described a house; presumably due to a clerical error, the warrant alleged a two-story home was concealed on the premises. The affidavit itself was sealed, and apparently the only information from the affidavit that was ever provided to the homeowners was a single page listing the items to be seized, faxed to the homeowners’ attorney the day after the search. While one officer contended he orally provided one of the homeowners a detailed list of the property sought, the homeowner disputed the assertion and testified the officer gave a general and misleading description.
 

 Where the issue was the officer’s good faith in searching the premises, given that the warrant was executed despite the fact that it contained obviously incorrect information was notable. Herein, the warrant does not contain a description of the items to be seized, but it does refer back to an affidavit, and the warrant even identifies Det. Bergeron as the affiant. The entire affidavit, including the descriptive list, was later made available to the defendant. We note that neither the Fourth Amendment nor Louisiana law requires that a copy of the search warrant be served before the warrant is executed.
 
 See United States v. Grubbs,
 
 547 U.S. 90, 98, 126 S.Ct. 1494, 1501, 164 L.Ed.2d 195 (2006);
 
 see also State v. Wilson,
 
 2007-961, p. 9 (La.App. 5th Cir.4/15/08), 984 So.2d 870, 874.
 

 |, (Accordingly, we find the trial court erred in concluding the warrant issued for the search of the defendant’s home was facially invalid. While we do not condone the State’s omission of a list of the items to be seized in the warrant, a detailed description of the items to be seized was listed in the affidavit, the officers confined their search to those items, and the warrant specifically referred to the affidavit.
 

 In any event, we further agree with the State’s contention that even if the warrant were found to be deficient, the seized evidence may nevertheless be admissible under the good-faith exception of
 
 Leon.
 
 In
 
 Leon,
 
 the United States Supreme Court established a “good-faith” exception to the exclusionary rule, holding the exclusionary rule should not be applied to bar the use in the prosecution’s case-in-chief of evidence obtained by officers acting in an objectively reasonable good-faith reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be invalid.
 
 See Leon,
 
 468 U.S. at 918-22, 104 S.Ct. at 3418-20.
 

 Leon
 
 enumerated four instances when suppression remains an appropriate remedy: (1) where the issuing magistrate was misled by information the affiant knew was false or would have known was false except for a reckless disregard for the truth; (2) where the issuing magistrate wholly abandoned his detached and neutral judicial role; (3) where the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) where the warrant is so facially deficient,
 
 i.e.,
 
 fails to particularize the place to be searched or the things to be seized, that the executing | ¶, officers cannot reasonably
 
 *1092
 
 presume it to be valid. 468 U.S. at 923, 104 S.Ct. at 3421.
 

 The Supreme Court in
 
 Leon
 
 reexamined the purposes of the exclusionary rule and its applications in cases where officers have relied on a subsequently invalid search warrant. The Supreme Court stated:
 

 Accordingly, our good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the magistrate’s authorization. In making this determination, all of the circumstances — including whether the warrant application had previously been rejected by a different magistrate-may be considered.
 

 468 U.S. at 922 n. 23, 104 S.Ct. at 3420 n. 23.
 

 The instances in which suppression remains an appropriate remedy enunciated in
 
 Leon
 
 — a knowing falsehood or “reckless disregard” for the truth; a magistrate who “wholly abandoned” his role; an “entirely unreasonable” official belief in the existence of probable cause; a warrant “so facially deficient” there can be no reasonable presumption of validity — clearly reflect that suppression of evidence seized pursuant to an invalid warrant is not a remedy to be lightly considered. Furthermore, as previously noted by this court, the jurisprudence presumes good faith on the part of the executing officer, and the defendant bears the burden of demonstrating the necessity for suppression of evidence by establishing a lack of good faith.
 
 Shannon,
 
 472 So.2d at 291.
 

 While the defendant herein did claim that the warrant was facially deficient, he has not established any bad faith on the part of the executing officers.
 
 See Leon,
 
 468 U.S. at 922-23, 104 S.Ct. at 3420. The officers secured a warrant to search the defendant’s home for specific items after clear evidence of criminal Inactivity relating to other property he owned was inadvertently discovered and thereafter disclosed to the police. The affidavit in the application for the search warrant set forth the chain of events that led to the application and included probable cause for the issuance of the warrant. The warrant was promptly obtained and executed. The officers executing the warrant confined their search to items relating to the previously discovered criminal activity. Accordingly, we conclude that, even if the warrant were to be found to be invalid due to a lack of particularity under the Fourth Amendment, suppression of the evidence is still not appropriate under the
 
 Leon
 
 good-faith exception to the exclusionary rule.
 

 DECREE
 

 For these reasons, we find the trial court erred in granting the defendant’s motion to suppress. This matter is remanded to the trial court for further action consistent with this ruling.
 

 WRIT GRANTED; RULING ON MOTION TO SUPPRESS REVERSED; REMANDED.
 

 PARRO, J., concurs.