JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.
¶ 1 Defendant, John C. Boose, was charged with six counts of first-degree murder ( 720 ILCS 5/9-1(a)(1), (a)(2) (West 2014) ) in connection with the death of his wife, Regina Boose. Defendant moved to quash a search warrant and to suppress evidence seized as a result of the execution of the warrant. Defendant pointed out that the items to be seized, as described in the warrant, would have pertained to the investigation of a drug offense. The officers who executed the warrant seized items related to the investigation of the death of the victim, but those items were not described in the warrant. The Winnebago County circuit court denied the motion to quash and suppress. However, defendant moved to reconsider and the trial court granted the motion. The State appeals. We affirm.
¶ 2 The warrant was obtained by Jeff Schroder, a detective with the Rockford Police Department. Schroder prepared a complaint for a search warrant and an accompanying affidavit. The complaint stated as follows:
"I, Detective Jeff Schroder being first duly sworn on oath, say that certain instruments, articles or things, which may constitute evidence of Violation of the Illinois Controlled Substances Act and/or Violation of the Cannabis Control Act are located within the described place situated in the County of Winnebago, State of Illinois, to wit:
That such instruments, articles or things, are more particularly described as follows: Cocaine, Cannabis, United States currency, narcotic paraphernalia, including but not limited to plastic baggies, zip lock bags, and/or paper folds, scales, grinders or mixing devices, spoons, pots, pans, kitchen *169 utensils, kitchen appliances, any instruments or devices used to cook or process cocaine, straws, glass tubes, syringes, pipes and powders used to adulterate cocaine, pagers, safes, binoculars, intercom systems, two way radios, scanners, cellular telephones, video cameras, firearms and ammunition, broom handles, bludgeons, wooden handles, extension cords, ropes, belts, any binding agents [,] records (both written and recorded) and computer hardware and software describing names, quantities of currency and narcotics sold, purchased or possessed, and any documents listing the name of the person or persons who receive mail or who own or rent the premises, or any clothing or personal effects indicating who resides at the premises, or who was in possession of any of the above mentioned items, or who rents, owns, or otherwise controls the premises located at 2204 Van Wie Avenue, Rockford, Illinois .
That complainant has probable cause to believe that aforesaid facts are true for the following reasons: see attached affidavit, which is incorporated by reference herein." (Emphases added and in original.)
¶ 3 The affidavit indicated, inter alia , that at 10 a.m. on January 30, 2015, two Rockford police officers were dispatched to Rockford Memorial Hospital. The officers learned that the victim had been taken to the hospital and was deceased. One of the officers met with the victim's seven-year-old granddaughter, who lived with defendant and the victim at their home at 2204 Van Wie Avenue. She told the officer that, the previous night, she saw defendant beat the victim with a broom. The officers met with two deputy coroners, who took them to the trauma room where the victim's body was located. The deputy coroners showed the officers various injuries that the victim had sustained, including bruises, abrasions, and lacerations to her nose, forehead, and forearm. The victim's granddaughter was later interviewed by a detective. She told the detective that she saw defendant beat the victim numerous times in the head, face, legs, arms, stomach, and back with a broom.
¶ 4 The warrant, which was signed by Judge Steven L. Nordquist, stated, in pertinent part:
"Whereas, a written complaint under oath has been made before me this day stating facts sufficient to show probable cause for search of the following described place, to wit: The premises located at 2204 Van Wie Avenue, Rockford, Illinois * * *.
* * *
YOU ARE HEREBY COMMANDED to execute this search warrant * * * by searching the premises herein described and seizing the instruments, articles or things herein described, if found therein * * *." (Emphases in original.)
¶ 5 The warrant's description of the items to be seized was identical to the complaint's description of items that would be relevant to the investigation of a drug offense. However, the warrant did not include the following items listed in the complaint that were germane to the investigation of the victim's death: "broom handles, bludgeons, wooden handles, extension cords, ropes, belts, [and] any binding agents." In his motion to quash and suppress, defendant argued that the warrant was defective because the affidavit did not establish probable cause to seize the items listed in the warrant. No witnesses testified at the hearing on the motion. In denying the motion, the trial court stated that the warrant "contains incorporation language 'whereas a written complaint under oath has been made before me this day *170 stating facts sufficient to show probable cause for search of the following described premises.' " The court reasoned that
"by incorporating and cross referencing the Complaint for Search Warrant and Affidavit a valid search warrant is set forth. So when read together with the Complaint for Search Warrant, which incorporates the Affidavit and includes the particularized homicide related items seized at 2204 Van Wie, the Search Warrant is valid."
Finding that Schroder had both "signed and submitted the Search Warrant" and participated in the search, the court reasoned that "there was no confusion, no possibility of error and no room for discretion in determining the property to be searched and seized."
¶ 6 Defendant moved to reconsider, arguing that there was no evidence that Schroder had executed the warrant. The trial court held an evidentiary hearing on the motion to reconsider. Schroder was among the witnesses who testified at the hearing. Schroder testified that Sergeant Joe Stevens of the Rockford Police Department briefed several detectives about the incident at 2204 Van Wie Avenue. Stevens asked Schroder if he would obtain a search warrant for the premises at that address. Schroder prepared the complaint for a search warrant, the affidavit, and the warrant itself. After Judge Nordquist signed the warrant, Schroder advised Stevens that he had obtained the warrant. Schroder proceeded to the scene and left the warrant there. Schroder did not leave the complaint or the affidavit at the scene. There were several officers at the scene. Schroder did not notify them of the contents of the warrant and he did not search the premises. Stevens gave him another assignment and he left.
¶ 7 In granting the motion to reconsider, the trial court reasoned as follows:
"[T]he detectives who conducted the search did so with no particularized description of the items to be searched. In addition there is no evidence that the affidavit prepared by Detective [Schroder] was attached to the search warrant dropped off at defendant's residence. The Court finds that in the absence of Detective [Schroder] under these circumstances, the detectives on the scene transformed the search warrant into a general search warrant, which is a violation of the defendant's Fourth Amendment rights. * * *
When * * * issuing its initial ruling from this Court's prospective [sic ], Detective [Schroder] was the common thread between the supporting the [sic ] affidavit, complaint for search warrant, the search warrant, and the execution of the search warrant * * *. Without Detective [Schroder] present to execute the search warrant, there was room for confusion. There was room for discretion as to the property to be seized."
¶ 8 Upon review of a ruling on a motion to suppress, the trial court's findings of fact are entitled to great deference, and we will reverse those findings only if they are against the manifest weight of the evidence. People v. Jarvis , 2016 IL App (2d) 141231, ¶ 17, 405 Ill.Dec. 211, 58 N.E.3d 18. The trial court's legal conclusion whether to suppress the evidence is subject to de novo review. Id. "To be valid, a search warrant must state with particularity the place to be searched and the persons or things to be seized." People v. Garcia , 2017 IL App (1st) 133398, ¶ 41, 412 Ill.Dec. 135, 74 N.E.3d 1058. This requirement is designed to "prevent the use of general warrants that would give police broad discretion to search and seize." People v. Burmeister , 313 Ill. App. 3d 152, 158, 245 Ill.Dec. 903, 728 N.E.2d 1260 (2000).
*171 ¶ 9 The State challenges the analysis the trial court employed in granting defendant's motion to reconsider. As noted, the trial court reasoned that "in the absence of Detective [Schroder] * * * the detectives on the scene transformed the search warrant into a general search warrant which is a violation of the defendant's Fourth Amendment rights." According to the State, "[t]he trial court's reasoning and analysis is incorrect because it focused on the execution of the warrant, rather than the warrant itself." The State cites People v. Turnage , 162 Ill. 2d 299, 205 Ill.Dec. 118, 642 N.E.2d 1235 (1994), in which the defendant sought to suppress evidence obtained as a result of his arrest pursuant to an invalid warrant. The Turnage court observed that "the appropriate analysis where an officer arrests a suspect based upon a warrant obtained by someone else is to determine whether there is a valid warrant at the source." Id. at 312, 205 Ill.Dec. 118, 642 N.E.2d 1235.
¶ 10 The State argues that the warrant was, indeed, valid. It is undisputed that the complaint for the warrant, and the accompanying affidavit, established probable cause to search for and seize evidence of the offense of first-degree murder. It is also undisputed that the warrant sufficiently described the place to be searched. However, the items to be seized, as described on the face of the warrant, did not relate to the murder investigation. On its face, the warrant described items that would be relevant to the investigation of a drug-related offense. According to the State, it is apparent that the warrant was prepared on a computer and that Schroder mistakenly cut and pasted boilerplate language used in warrants to search for evidence of drug offenses. The State maintains that the inclusion of this language was a "technical error best described as a scrivener's error" and that it did not invalidate the entire warrant. According to the State, the valid portion of the warrant may be severed from the invalid description of the items to be seized.
¶ 11 The obvious problem with that analysis is that severing the invalid portion of the warrant from the remainder would simply leave the warrant without any description of the items to be seized. We would be left with a general warrant running afoul of the fourth amendment. To overcome this problem, the State argues that the warrant incorporated the complaint by reference and that the complaint, in turn, incorporated the affidavit by reference. In support of this argument, the State cites People v. Fragoso , 68 Ill. App. 3d 428, 25 Ill.Dec. 138, 386 N.E.2d 409 (1979), in which there was a question as to whether a warrant sufficiently described the place to be searched. The Fragoso court stated that, in determining whether a warrant is valid, we may look to the affidavit for the warrant "where the affidavit is attached to the warrant, incorporated by reference , or as is the case here, where the officer who signed and swore to the affidavit also executed the search warrant." (Emphasis added.) Id. at 433, 25 Ill.Dec. 138, 386 N.E.2d 409.
¶ 12 The State's position is that incorporation by reference is sufficient to satisfy the fourth amendment's particularity requirement, even if the incorporated document does not accompany the warrant. Citing Groh v. Ramirez , 540 U.S. 551, 124 S.Ct. 1284, 157 L.Ed.2d 1068 (2004), defendant responds that the incorporated document must accompany the warrant. Groh noted that "most Courts of Appeals have held that a court may construe a warrant with reference to a supporting application or affidavit if the warrant uses appropriate words of incorporation, and if the supporting document accompanies the warrant." (Emphasis added.) Id. at 557-58, 124 S.Ct. 1284. However, in cases decided after *172 Groh , United States Courts of Appeals have reached differing conclusions on the question of whether an affidavit must accompany a warrant. Compare Millender v. County of Los Angeles , 620 F.3d 1016, 1026 (9th Cir. 2010) (court could not consider whether affidavit narrowed the scope of warrant where there was no evidence that affidavit either was physically attached to the warrant or accompanied the warrant on the search), rev'd on other grounds sub nom. Messerschmidt v. Millender , 565 U.S. 535, 132 S.Ct. 1235, 182 L.Ed.2d 47 (2012), with United States v. Hurwitz , 459 F.3d 463, 472-73 (4th Cir. 2006) ("We see nothing in the Constitution requiring that an officer possess or exhibit, at the time of the search, documents incorporated into a warrant as an additional safeguard for the particularity requirement.").
¶ 13 We need not decide whether incorporation of a document by reference is sufficient in itself or whether the document must also accompany the warrant. Here, the warrant simply did not incorporate the complaint by reference. The warrant's only reference to the complaint was the following language: "Whereas, a written complaint under oath has been made before me this day stating facts sufficient to show probable cause for search of the following described place * * *." Similar language has been held to be insufficient to incorporate by reference a complaint into a search warrant. In People v. Staes , 92 Ill. App. 2d 156, 157-58, 235 N.E.2d 882 (1968), the warrant proclaimed " 'ON THIS DAY Donald T. Shaw COMPLAINANT HAS SUBSCRIBED and sworn to a complaint for search warrant before me.' " The Staes court held that "[i]n the case before us the warrant did not expressly adopt the description in the complaint for search warrant." Id. at 162, 235 N.E.2d 882. Similarly, here, the warrant did not expressly adopt the complaint's description of the items to be seized. Instead, it merely acknowledged the complaint before expressing a different description of the items to be seized. We will not "use the mere fact that the police requested a warrant to search [for particular items] to infer that the issuing judge found probable cause to authorize a search [for those items], despite the sheer absence of any language to that effect in the warrant itself." People v. Mabry , 304 Ill. App. 3d 61, 66-67, 237 Ill.Dec. 824, 710 N.E.2d 454 (1999) ; cf. People v. Siegwarth , 285 Ill. App. 3d 739, 741, 743, 220 Ill.Dec. 965, 674 N.E.2d 508 (1996) (defendant's substantial rights were not impaired by seizure of cannabis, cash, and a triple-beam scale pursuant to warrant that left the space to list items to be seized blank, but directed officers to seize " 'related paraphernalia which have been used in the commission of, or which constitute evidence of the offense of Unlawful Possession of Cannabis' ").
¶ 14 The dissent maintains that the mere reference to the complaint was sufficient to incorporate the complaint into the warrant. The dissent does not attempt to distinguish Staes . Instead the dissent stresses that Staes is "an approximately 50-year-old case." Infra ¶ 26. According to the dissent, our analysis should be guided by the United States Supreme Court's more recent decision in Groh and by cases that interpret Groh. Although Staes is far from a new case, that alone does not diminish its precedential value. Moreover, having invoked Groh , the dissent does not suggest either that Staes is inconsistent with Groh or that Groh supports the State's case. As for cases interpreting Groh , the dissent looks out of state to a Louisiana decision- State v. Maxwell , 2009-1359 (La. App. 1 Cir. 5/10/10), 38 So.3d 1086 -that distinguished Groh . Maxwell is neither precedential ( *173 In re A.C. , 2016 IL App (1st) 153047, ¶ 47, 403 Ill.Dec. 811, 54 N.E.3d 952 ) nor persuasive. The Maxwell court upheld a search pursuant to a warrant that did not describe with particularity the items to be seized, holding in part that the warrant "refer[red] back" to the affidavit containing a list of items to be seized. Maxwell , 2009-1359, at 9, 38 So.3d 1086. Referring to a document is not the same as incorporating the document by reference. Moreover, because the Maxwell court did not recite that actual language of the warrant, it is difficult to compare that case with this one.
¶ 15 The State finally argues that, even if the officers who executed the warrant were merely assuming that the warrant was valid, they had the right to make such an assumption. In support of this argument, the State cites Whiteley v. Warden , 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971). The State notes that Whiteley states, "police officers called upon to aid other officers in executing arrest warrants are entitled to assume that the officers requesting aid offered the magistrate the information requisite to support an independent judicial assessment of probable cause." Id. at 568, 91 S.Ct. 1031. The State ignores the very next sentence, which states, "Where, however, the contrary turns out to be true, an otherwise illegal arrest cannot be insulated from challenge by the decision of the instigating officer to rely on fellow officers to make the arrest." Id. Accordingly, the argument is unpersuasive.
¶ 16 The dissent contends that, because there was no police misconduct in this case, the exclusionary rule should not apply. "The question whether the exclusionary rule's remedy is appropriate in a particular context has long been regarded as an issue separate from the question whether the Fourth Amendment rights of the party seeking to invoke the rule were violated by police conduct." Illinois v. Gates , 462 U.S. 213, 223, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Here, the State has raised only the latter issue. It would be unfair to decide this case in the State's favor on the basis of an argument not raised in this appeal and to which defendant has had no opportunity to respond. In People v. Givens , 237 Ill. 2d 311, 343 Ill.Dec. 146, 934 N.E.2d 470 (2010), our supreme court observed:
" 'In our adversary system, in both civil and criminal cases, in the first instance and on appeal, we follow the principle of party presentation. That is, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present. To the extent courts have approved departures from the party presentation principle in criminal cases, the justification has usually been to protect a pro se litigant's rights. [Citation.] But as a general rule, "[o]ur adversary system is designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief." [Citation.] As cogently explained:
"[Courts] do not, or should not, sally forth each day looking for wrongs to right. We wait for cases to come to us, and when they do we normally decide only questions presented by the parties. Counsel almost always know a great deal more about their cases than we do * * *." [Citation.]' "
Id. at 323-24, 343 Ill.Dec. 146, 934 N.E.2d 470 (quoting Greenlaw v. United States , 554 U.S. 237, 243-44, 128 S.Ct. 2559, 171 L.Ed.2d 399 (2008) ).
¶ 17 For the foregoing reasons, the judgment of the circuit court of Winnebago County is affirmed.
¶ 18 Affirmed.
Justice Jorgensen concurred in the judgment and opinion.
Justice Spence dissented, with opinion.
¶ 19 JUSTICE SPENCE, dissenting:
*174 ¶ 20 I respectfully dissent. Although I agree with the majority that the warrant did not state with particularity the items to be seized, the complaint for a search warrant and the affidavit did describe those items. I believe that the warrant sufficiently incorporated the complaint by reference and that the complaint in turn incorporated the affidavit. Moreover, I do not believe that the errors made here are of the type that should result in suppressing otherwise admissible evidence of murder.
¶ 21 The entire search-warrant paperwork consisted of five pages: a one-page complaint for a search warrant, a three-page affidavit accompanying the complaint, and a one-page search warrant. As noted by the majority, the one-page complaint for a search warrant began by listing certain items to be seized that would be pertinent to a narcotics investigation but not relevant to the murder investigation that Detective Schroder was conducting. See supra ¶ 2. In the middle of this list of narcotics evidence were the items that pertained to the murder investigation: "broom handles, bludgeons, wooden handles, extension cords, ropes, [and] belts." After listing those six items, the list of items common to drug dealing resumed, and the complaint then referred to "the premises located at 2204 Van Wie Avenue, Rockford, Illinois ." (Emphasis in original.) The complaint concluded with the language: "That complainant has probable cause to believe that aforesaid facts are true for the following reasons: see attached affidavit, which is incorporated by reference herein."
¶ 22 The one-page search warrant provided the correct address. The list of items to be seized was identical to the list on the complaint for a search warrant, except that it did not contain the six items related to the murder investigation. The search warrant also contained language incorporating the complaint for a search warrant: "Whereas, a written complaint under oath has been made before me this day stating facts sufficient to show probable cause for search of the following described place."
¶ 23 The three-page affidavit accompanying the complaint and the search warrant clearly set forth the details that supported probable cause to search the premises, including the following: that police were called to Rockford Memorial Hospital regarding a deceased woman whom the fire department transported from her residence (2204 Van Wie Avenue, Rockford) to the hospital, that the seven-year-old granddaughter of the victim and defendant had witnessed defendant beating the victim with a broomstick and throwing her into the walls, that the victim had multiple abrasions and bruises about her body, that family members said that there had been "a lot of domestic violence" between the defendant and the victim, that the victim had been deceased for about eight hours, and that the coroner's office had conducted an autopsy of the victim and had "declared this incident a Murder."
¶ 24 The items that the police later collected pursuant to the search warrant included broom and mop heads and handles, hair, a leather belt, and bloody and ripped clothing. This evidence was consistent with the items described in the complaint and with the murder investigation.
¶ 25 Citing People v. Mabry , 304 Ill. App. 3d 61, 66-67, 237 Ill.Dec. 824, 710 N.E.2d 454 (1999), the majority argues that we will not "use the mere fact that the police requested a warrant to search [for particular items] to infer that the issuing judge found probable cause to authorize a *175 search [for those items], despite the sheer absence of any language to that effect in the warrant itself." (Internal quotation marks omitted.) Supra ¶ 13. However, the State has argued that a warrant may incorporate a complaint and an affidavit, and the State's position is supported by case law. People v. Fragoso , 68 Ill. App. 3d 428, 433, 25 Ill.Dec. 138, 386 N.E.2d 409 (1979) (information in affidavit may be used to clarify the description in the warrant "where the affidavit is attached to the warrant, incorporated by reference, or * * * where the officer who signed and swore to the affidavit also executed the search warrant"). In my view, the language in the search warrant was sufficient to incorporate by reference the complaint, and the language in the complaint was sufficient to incorporate the affidavit. These documents, when read together and in context, were sufficient to satisfy the requirements imposed by the fourth amendment. Further, although Detective Schroder did not leave the complaint or the affidavit at the scene of the search, I agree with the reasoning of the cases that conclude that the Constitution does not impose such a requirement. See supra ¶ 12.
¶ 26 The majority cites an approximately 50-year-old case, People v. Staes , 92 Ill. App. 2d 156, 157-58, 235 N.E.2d 882 (1968), in holding that, even if incorporation by reference would have been possible here, the search warrant's language did not sufficiently incorporate the complaint. See supra ¶ 14. That case stated that the "complaint was [not] incorporated * * * by proper reference," without discussing precisely how the language was deficient. Staes , 92 Ill. App. 2d at 161, 235 N.E.2d 882. Moreover, I believe that, rather than relying so heavily on a decades-old case, our analysis should be guided by the United States Supreme Court's more recent discussion of this issue in Groh v. Ramirez , 540 U.S. 551, 124 S.Ct. 1284, 157 L.Ed.2d 1068 (2004), and cases interpreting Groh .
¶ 27 In Groh , the issue was whether the search of a ranch was unreasonable under the fourth amendment because the warrant failed to particularly describe the items to be seized. Id. at 553, 124 S.Ct. 1284. In place of the items to be seized, the affiant had typed the description of the residence to be searched. Id. at 554-55, 124 S.Ct. 1284. The application for a search warrant was supported by a detailed affidavit. Id. at 554, 124 S.Ct. 1284. The documents were presented to a magistrate along with a search warrant, which the magistrate signed. Id. The United States Supreme Court found that the search was unreasonable because the search warrant failed to identify any items to be seized. The warrant also did not incorporate by reference the itemized list contained in the application. Id. at 557, 124 S.Ct. 1284.
¶ 28 Groh was distinguished by State v. Maxwell , 2009-1359 (La. App. 1 Cir. 5/10/10), 38 So.3d 1086, which is similar to the case before us. In Maxwell , the defendant's computer was seized after a computer repair shop found that it contained child pornography. Id. at 2. The police then seized additional computers from the defendant's residence, pursuant to a search warrant. Id. The defendant argued that the search warrant was defective because it failed to describe the items to be seized. Id. The trial court ultimately suppressed the evidence, based on Groh , finding that only a copy of the warrant and not the affidavit had been given to the defendant at the time of the search. Id . at 4.
¶ 29 The appellate court reversed the trial court's ruling. Id. at 12. It distinguished Groh , finding that the application of the exclusionary rule was never at issue *176 in Groh , because no evidence was discovered during that search. Id. at 8. Importantly, Groh was a civil proceeding in which the owners of the ranch sued for civil damages against the federal and county law enforcement agents who searched their property. Id. at 8-9. The focus of Groh was whether an officer who conducted a search under those circumstances was entitled to claim that he was operating in good faith, so as to avoid civil liability. Id. The Maxwell warrant did not contain a description of items to be seized, but it did refer back to an affidavit that sufficiently described the items that were sought. Id. at 9. The court noted that the affidavit was later made available to the defendant. Id.
¶ 30 Although Maxwell is not controlling authority, I find its reasoning persuasive. See People v. Holt , 2013 IL App (2d) 120476, ¶ 10, 376 Ill.Dec. 223, 998 N.E.2d 933 (the decisions of foreign courts are not binding, but we may use them as persuasive authority where Illinois authority on point is lacking or absent). Like the warrant in Maxwell , the warrant in this case did not contain a description of the items to be seized related to the murder investigation, but it did refer back to Detective Schroder's complaint, which sufficiently described the items sought and incorporated a detailed affidavit, and the complaint and the affidavit were later made available to defendant.
¶ 31 Additionally, this is not a case where the exclusionary rule should be applied, as there was no police misconduct in this case. "Exclusion exacts a heavy toll on both the judicial system and society at large." Davis v. United States , 564 U.S. 229, 237, 131 S.Ct. 2419, 180 L.Ed.2d 285 (2011). "It almost always requires courts to ignore reliable, trustworthy evidence bearing on guilt or innocence." Id. The Court in Davis stated that, "[w]hen the police exhibit 'deliberate,' 'reckless,' or 'grossly negligent' disregard for Fourth Amendment rights, the deterrent value of exclusion is strong and tends to outweigh the resulting costs." Id. at 238, 131 S.Ct. 2419. Conversely, when the police have an objectively reasonable good-faith belief that their conduct is lawful, exclusion is not warranted. Id. Davis referenced United States v. Leon , 468 U.S. 897, 922, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), where the Court held that the exclusionary rule does not apply when the police conduct a search in objectively reasonable reliance on a search warrant later held invalid. Davis , 564 U.S. at 238-39, 131 S.Ct. 2419. The Court stated that "[t]he error in such a case rests with the issuing magistrate, not the police officer, and 'punish[ing] the errors of judges' is not the office of the exclusionary rule." Id. at 239, 131 S.Ct. 2419 (quoting Leon , 468 U.S. at 916, 104 S.Ct. 3405 ).[1]
¶ 32 Although Detective Schroder might have acted in haste, a sense of urgency in trying to obtain and execute a search warrant to seize the evidence in an apparent domestic murder is understandable. In trying to be efficient, Detective Schroder copied and pasted text from another search warrant. While this was perhaps careless, there is absolutely no evidence that he was reckless or that he in any way was indifferent to or flagrantly disregarded defendant's fourth amendment rights. Clearly, he was attempting to follow the law by drafting a search warrant. He set forth the relevant facts to establish probable cause. He specifically listed the items to be seized on one of the five pages comprising the complaint, affidavit, and *177 search warrant. He included the correct address on multiple pages. He took the search warrant to a supervisor in the State's Attorney's office, who reviewed and approved it. He took it to a judge, who reviewed and approved it.
¶ 33 Should the errors have been detected? Of course. One would expect that the prosecutor and the judge would have observed the errors. But they did not. Now, with these facts, we have to ask whether they are of such a nature that they should result in the exclusion of the evidence recovered from the crime scene. "No warrant shall be quashed nor evidence suppressed because of technical irregularities not affecting the substantial rights of the accused." 725 ILCS 5/108-14 (West 2014) ; see also Mabry , 304 Ill. App. 3d at 64, 237 Ill.Dec. 824, 710 N.E.2d 454 ("an otherwise valid warrant will not be quashed due to technical errors not affecting the substantial rights of a defendant"). The mistakes here were essentially technical errors that should not result in the suppression of relevant and otherwise admissible evidence. I would reverse the trial court's ruling.

On appeal, the State does not assert that the good-faith exception to the exclusionary rule applies. However, we should not overlook the body of law that set forth the purpose of the exclusionary rule.